STATE, JOSEPH HOUSEL, PROSECUTOR, v. JUDIAH HIGGINS AND WILLIAM F. HIGGINS.

If plaintiff appeals from judgment in his favor before a justice of the peace, and on appeal receives an increase of debt or damages, he is not entitled to costs of appeal on affirmance. Costs on appeal will only be given to a successful party who has judgment in his favor on the appeal.

On *certiorari* to the Court of Common Pleas of the county of Hunterdon.

An action on the case for trover and conversion was brought by Judiah Higgins and William F. Higgins against the prosecutor, Joseph Housel, before a justice of the peace, and judgment was recovered against him for $1 damages and the costs of suit, May 10th, 1883. The damages and costs were paid to the justice by the defendant. The plaintiffs demanded an appeal, which was granted, and tried November 23d, 1883. Judgment was rendered by the Court of Common Pleas for plaintiffs, the appellants, for $1 damages, the costs on appeal, and also the costs in the justice's court. The defendant again

paid the amount of his own costs on appeal and damages, but not the appellant's costs on appeal. An execution was issued with payments endorsed, and this *certiorari* was brought to reverse the part of the judgment giving the appellants costs on appeal.

Argued at November Term, 1884, before Justices DEPUE, SCUDDER and PARKER.

For the plaintiff, *R. S. Kuhl.*

For the defendants, *George H. Large.*

The opinion of the court was delivered by

SCUDDER, J. The state of the case agreed on shows that the plaintiffs, who recovered judgment before the court for the trial of small causes, demanded an appeal, and being dissatisfied, did not accept the payment made by the defendant, but prosecuted their appeal to the Court of Common Pleas, as they had the right to do, to increase the judgment for damages which they claimed they had sustained. On such appeal the cause must be heard anew on its merits, and judgment rendered according to the justice of the case, without any respect to the judgment below, except as to costs. *Woodruff* v. *Carns,* 2 *Penn.* 506.

The terms "affirmance" or "reversal," used in section 84 of the Small Cause act, (*Rev.,* p. 554,) are employed to indicate the successful or unsuccessful party on the appeal. In *Robinson* v. *Hedges,* 2 *Penn.* 689, the plaintiff obtained judgment before the justice, the defendant appealed, the judgment below was reversed and judgment rendered for a less amount, with the costs of appeal. The court said the defendant was actually the successful party, and should not pay costs to his adversary on the appeal; that the more reasonable rule would be that his adversary pay costs to him, but the practice had been in such cases for neither party to pay costs, on the principle that the error was in the judgment of the justice, and not the

fault of the plaintiff. On *certiorari* the judgment was reversed as to the costs and affirmed as to the debt. See, also, *Cheeseman* v. *Cade*, 4 *Zab.* 632, where the judgment on appeal was for less than the amount recovered before the justice, and it was held the Court of Common Pleas erred in allowing costs to the plaintiff. The proper form of judgment on appeal is given in *Hendricks* v. *Craig*, 2 *South.* 567, and *Woodruff* v. *Badgley*, 7 *Halst.* 367. The entry on the minutes should be specific both as to the debt or damages and the costs in each court.

In the present case the plaintiffs have appealed from their own judgment, and a judgment of affirmance has been entered in the form prescribed in Hendricks *v.* Craig, for damages, costs below and costs on appeal. The amount of the judgment for damages has not been reduced, and they may therefore hold the costs below, but the amount has not been increased, consequently they are not the successful party on the appeal, in fact, and should recover no costs. There should be judgment of affirmance, but no costs allowed the plaintiffs on appeal. This is the view expressed in *Pennington's Treatise* 73, where it says costs in the Common Pleas must be given to the successful party, generally. *Griffith's Treatise* 137, says: " If a party appeals from a judgment in his own favor (because less than he thought due to him, as he may,) and recovers either more or less than before the justice, the appellee in that case is to pay no costs on the appeal, nor to recover any, but the appellant will be entitled to recover the costs below." The practice now would be to give the appellant costs on his appeal if he recovers more, but none if he recovers the same or less; for in the first case he is successful, in the latter he is not. But as the appellee is not successful in reversing the judgment of the plaintiffs in either case, he can have no costs on appeal. Each party must pay his own costs in the Court of Common Pleas. That must be the rule in this cause, for here the appellants, who are the plaintiffs and had judgment below, recovered but $1, the same amount that was given in the justice's court. As there has been no

increase of damages, they are not entitled to costs on the appeal.

The judgment of the Court of Common Pleas will be affirmed as to the damages and the costs in the justice's court, but reversed as to the costs on appeal.